

ORDERED in the Southern District of Florida on June 3, 2025.



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                              Case No. 24-18665-PDR

Nassoma Amina Morgan-Grant,                         Chapter 7

               Debtor.
_____/

**MEMORANDUM OPINION ON ORDERS DENYING CERTAIN DEBTOR
MOTIONS AND GRANTING CERTAIN TRUSTEE MOTIONS**

      This matter came before the Court for hearing on May 15, 2025, at 10:30 A.M. on a series of related motions filed by the pro se debtor, Nassoma Amina Morgan-Grant, in her Chapter 7 case and the associated adversary proceeding filed by the Chapter 7 Trustee, Sonya Salkin Slott. In the main case, the Debtor filed a *Motion to*

*File Under Seal* and impose a so-called "fee schedule",[1] a *Motion to Remove the Chapter 7 Trustee* for alleged collusion and misconduct,[2] and a *Motion to Vacate Order to Take Possession Plus Sale Proceeds*.[3] Additionally, the Chapter 7 Trustee filed her *Motion for Order Directing Turnover of Coinbase Account and Authorizing Liquidation of Account*.[4] In the adversary proceeding, the Debtor filed a *Motion To Appear Remotely* under the label of "special appearance,"[5] and a *Motion to Dismiss Adversary Proceeding*.[6]

Each of the Debtor's filings, though captioned differently, is cut from the same cloth: a fabric woven from discredited pseudo-legal theories, spiritual declarations, self-conferred jurisdictional authority, and unilateral assertions of legal immunity. They invoke themes commonly associated with the so-called "sovereign citizen" movement—concepts which have been uniformly rejected by every federal court to confront them.[7] As such, these submissions do not advance legal argument; they merely obscure it.

To be clear: this Court does not, and will not, give legal effect to fictional "fee

---

[1] Main Case Doc. No. 107. References to documents filed in the main bankruptcy case will be preceded by "Main Doc. No."

[2] Main Case Doc. No. 108.

[3] Main Case Doc. No. 88.

[4] Main Case Doc. No. 77.

[5] Adv. Case No. 25-01041-PDR at Doc. No. 16. References to documents filed in this adversary proceeding will be preceded by "Adv. Doc. No."

[6] Adv. Doc. No. 29.

[7] *See United States v. Williams*, 29 F.4th 1306, 1308 (11th Cir. 2022); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013).

schedules," self-styled trust doctrines, unilateral jurisdictional disclaimers, or private declarations of law. The rule of law is not so fragile as to be undone at the whim of a litigant through invocation of spiritual sovereignty or divine right. Federal jurisdiction cannot be waived or revoked by incantation.

## I.     Background

The Debtor, who identifies herself as "Nassoma Amina, Living Woman and Private Civilian," has made various filings asserting the existence of what she refers to as a private ecclesiastical trust or "estate trust." The record reflects that, she executed and recorded documents purporting to transfer title to real property and potentially other assets into a trust entity she variously describes as the *Kingdom Mindset Revocable Living Trust* and the *Morgan-Grant, Nassoma A. Living Trust.*

Her filings are saturated with pseudo-legal rhetoric and make no reference to any governing trust instrument recognized under state or federal law. There is no evidence the alleged trust was validly formed under applicable trust law, nor any showing that it has independent legal existence apart from the Debtor's unilateral declarations.

She further asserts she is not subject to this Court's jurisdiction or to the laws of the United States, disclaiming all contractual obligations associated with her legal name and asserting ecclesiastical immunity. She invokes a "private covenant" to justify the trust's legitimacy and has threatened severe monetary penalties for any refusal to recognize her documents including a $150,000 "fee" for rejecting her trust instruments.

The Debtor filed her voluntary petition *pro se* on August 26, 2024.[8] Since then, she has refused to comply with the bankruptcy process, failing to properly appear at several attempted § 341 meetings,[9] submit required documents, or sufficiently disclose her assets. This misconduct led to the Chapter 7 Trustee filing an adversary proceeding, objecting to the Debtor's discharge under 11 U.S.C. § 727(a)(2)(B) for postpetition concealment of estate property, § 727(a)(4)(A) for false oath on her schedules, and § 727(a)(4)(D) for withholding recorded information.[10]

Despite repeated admonitions, the Debtor has continued to file meritless obstructive pleadings in both the main case and adversary proceeding, which have been rejected by this Court.[11] The Court will no longer expend judicial resources on these frivolous submissions—particularly in a case the Debtor voluntarily chose to initiate.

**II.    Rulings**

The Debtor's *Motion to Seal* is the most egregious in this group of frivolous filings. It seeks to seal every document in the main case and adversary and enact a "fee schedule," imposing fines upon any offending party as well as the Court for what the Debtor perceives as transgressions. For example, the Debtor asserts a fee of $250,000 for each use of her legal name, a fee of $1,000,000 for failure to close the bankruptcy or adversary proceeding on demand, and a fee of $500,000 for not

---

[8] Main Case Doc. No. 1.]

[9] *See* Main Case Doc. Nos. 65, 106.

[10] Adv. Case No. 25-01041-PDR Doc. No. 1.

[11] *See, e.g.,* Main Case Doc. Nos. 73, 89.

accepting her misguided jurisdictional challenges. A litigant of course cannot unilaterally impose fines on opposing parties and the Court, and the Motion is denied as frivolous.

As to the Trustee's *Motion for Order Directing Turnover of Coinbase Account and Authorizing Liquidation of Account*, the record reflects that the Debtor initially disclosed the account—then, without explanation, removed it from her amended schedules.[12] Coinbase has confirmed that the account is active, traceable, and held in the Debtor's name using her personal identifiers.[13] These funds are property of the estate under 11 U.S.C. § 541, and the Debtor's attempt to reassign the account to the so called "trust" is, in a word, fanciful. The attempt fails as legally null and void. The Trustee's Motion is granted, and the Court has issued an order directing turnover and authorizing liquidation.

Turning to the Debtor's *Motion to Vacate*, the filing asserts that she, as a self-proclaimed fiduciary, has seized control of the estate by virtue of an IRS-issued Employer Identification Number. That number is routinely assigned to bankruptcy estates for tax reporting purposes and confers no authority on the Debtor. The remainder of the filing is filled with ecclesiastical rhetoric, unfounded assertions of divine jurisdiction, and threats of financial liability directed at the Court. The motion is denied as frivolous.

The *Motion to Remove the Chapter 7 Trustee* is grounded in an email exchange

---

[12] *See* Main Case Doc. Nos. 25, 64.

[13] Main Case Doc. No. 102.

in which the Trustee's counsel described this as a "crazy case" and offered to provide information to a secured creditor's attorney. While the use of the term "crazy" may be colorful, the Court interprets it as a colloquial expression of frustration, not a personal attack. Trustees are permitted—indeed expected—under § 704 of the Bankruptcy Code to coordinate with stakeholders to ensure efficient administration.[14] There is nothing unethical, unlawful, or improper in the correspondence cited. Accordingly, the motion to remove the Trustee is denied.

Turning to the Debtor's motions in the adversary proceeding, the *Motion to Appear Remotely*, styled as a "special appearance," is similarly without merit. This Court's policy requires in-person appearance absent demonstrated hardship.[15] The motion offers no such basis, relying instead on ideological objections to the Court's authority. This is insufficient. The motion is therefore denied without prejudice, with leave to refile upon a showing of legitimate need, such as a verified medical or logistical hardship.

The *Motion to Dismiss Adversary Proceeding* is yet another iteration of the same themes: spiritual law, divine appointment, fictional trusts, and sweeping immunity from judicial process. The Debtor claims that surplus proceeds from a foreclosed mortgage and funds in the Coinbase account are exempt from administration because she has declared them sacred. But the law does not yield to

---

[14] 11 U.S.C. § 704(a)(1) provides: "The Trustee shall. . . close such estate as expeditiously as is compatible with the best interests of parties in interest." This mandate would be defeated if the Trustee were not able to communicate with secured creditors.

[15] *See* https://www.flsb.uscourts.gov/judges/judge-peter-d-russin.

such proclamations. These assets are clearly property of the estate. The motion is denied in its entirety.

The courtroom is not a sovereign forum. It is a constitutional one. Participation in federal court entails compliance with federal law. There is no parallel legal system grounded in personal belief that exempts one from the obligations of debt, the authority of a duly appointed trustee, or the jurisdiction of this Court.

The Court remains open to legitimate legal arguments grounded in fact and law. But it will not be used as a sounding board for legally baseless, obstructive, or abusive filings. Therefore, and for the avoidance of doubt: the Court gives notice that any future filings by this litigant that invoke sovereign citizen rhetoric, private trust law, fictional fee schedules, threats of civil or spiritual liability, or other pseudo-legal doctrines will be summarily denied without hearing or further consideration.

Nothing in this ruling limits the Court's authority to impose sanctions under Rule 9011 or its inherent powers should future filings cross the line into sanctionable conduct. Orders consistent with this ruling have been separately entered by the Court.

###

Copies Furnished To:
All parties in interest.